UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MANUEL PLAISANCE                                               CIVIL ACTION

VERSUS                                                                    NO. 07-524

WARDEN BURL CAIN                                            SECTION "J"(2)

### TRANSFER ORDER

Petitioner, MANUEL PLAISANCE, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he is challenging the constitutionality of his 1994 state court conviction and sentence. To support his challenge, petitioner asserts the following grounds for relief:

1) The State suppressed exculpatory and material evidence, a 23-page supplemental report naming John L. Buniff;

2) Counsel rendered ineffective assistance by failing to obtain this newly discovered evidence.

A review of this Court's records reflects that petitioner filed a prior petition for writ of habeas corpus related to this same conviction and sentence entitled <u>Manuel Plaisance v. Burl Cain, Warden</u>, Civil Action 01-2460 "J"(2). In that petition, petitioner raised the following grounds for relief:

1) The grand jury and petit jury were unconstitutionally empaneled;

2)        The evidence was insufficient to convict;

3)        The jury was tainted through communication with the victim's family and friends;

4)        Prosecutorial misconduct occurred during closing argument;

5)        The trial court erred when it denied defendant's motion for exculpatory and impeachment information; denied defendant's request for other witness statements; denied defendant's request for gang information in Jefferson Parish; failed to instruct jurors to disregard their improper communications with the victim's family and friends; failed to control the prosecution's improper comments; denied defendant's requested jury instructions; denied defendant's motion for new trial or arrest of judgment; denied defendant's request for an evidentiary hearing on his pro se motion for a new trial; denied defendant's request for an evidentiary hearing on the jury's alleged communications with the victim's family and friends; and imposed sentence within 24 hours of denial of the motion for new trial;

6)        The State withheld favorable information;

7)        The State allowed false testimony at trial;

8)        Counsel was ineffective for failure to investigate and subpoena witnesses and items and for advising the defendant to give false testimony at trial.

That petition was dismissed with prejudice as untimely by Judgment entered January 31, 2002. Petitioner did not appeal that judgment.

On July 29, 2002, petitioner filed a second petition for writ of habeas corpus related to the same conviction and sentence. <u>Manuel Plaisance v. Burl Cain, Warden</u>, Civil Action 02-2391 "J"(2). In that petition, he asserted that an unconstitutionally selected and empaneled grand jury rendered his indictment invalid. The petition was construed in part as a motion for authorization for the District Court to consider the second or successive claim raised, and it was transferred to the United States Fifth Circuit Court of Appeals. (<u>See</u> Rec. Doc. # 3). The Fifth Circuit Court of Appeals denied petitioner's motion for authorization to file a successive 28 U.S.C. § 2254 application. (<u>See</u> Rec. Doc. #4).

The petition presently before the Court is considered to be a second or successive petition as described by 28 U.S.C. § 2244. In order to overcome the prohibition against the filing of a second or successive claim under that section, the petitioner must establish one of the following exceptions:

1) the claim relies on a new rule of law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or

2) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and
(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A),(B).

Before the petition can be considered on the merits by this District Court, the petitioner must obtain authorization to file this second or successive petition from the United States Fifth Circuit Court of Appeals by making a prima facie showing of the above listed requirements to that appellate court as required by 28 U.S.C. § 2244(b)(3)(A). Until such time as petitioner obtains said authorization, this Court is without jurisdiction to proceed. Accordingly,

**IT IS ORDERED** that MANUEL PLAISANCE's petition be construed in part as a motion for authorization for the District Court to consider the second or successive claims raised therein.

**IT IS FURTHER ORDERED** that the petition be and hereby is **TRANSFERRED** to the United States Fifth Circuit Court of Appeals under the authority of 28 U.S.C. § 1631 for that Court to determine whether petitioner is authorized under 28 U.S.C. § 2244(b) to file the instant habeas

corpus petition in this District Court.

    New Orleans, Louisiana, this 27th day of April, 2007.

                                             UNITED STATES DISTRICT JUDGE